Filed 12/4/20  P. v. Hernandez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090614 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FECOD-2018-0004009) |
| v. | |
| NARCISO MARIN HERNANDEZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Narciso Marin Hernandez filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant coerced a young girl to have sexual intercourse with him on multiple occasions in San Joaquin County.

1

In July 2018, the San Joaquin County District Attorney filed an amended information alleging defendant committed 19 crimes, including 15 sex crimes against the girl.

In February 2019, the trial court denied defendant's motion for appointment of new counsel.

In June 2019, having earlier suspended proceedings to determine defendant's competency, the trial court found defendant competent.

In August 2019, pursuant to a negotiated disposition, defendant pleaded guilty to three counts of forcible lewd or lascivious acts upon a child under 14 years old (Pen. Code, § 288, subd. (b)(1)).[1]

In September 2019, consistent with the parties' agreement, the trial court sentenced defendant to an aggregate term of 25 years in state prison, consisting of two upper terms of 10 years for two of the section 288, subdivision (b)(1) counts, and the lower term of five years for the remaining count, all terms to run consecutively.

The trial court imposed various costs, including a $900 restitution fine (§ 1202.4), a $900 parole revocation restitution fine, which was stayed pending successful completion of parole (§ 1202.45), a $120 court operations assessment (§ 1465.8), and a $90 criminal conviction assessment (Gov. Code, § 70373), and awarded 629 days of credit.

Defendant timely appealed and obtained a certificate of probable cause from the trial court.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to

---

[1] Undesignated statutory references are to the Penal Code.

2

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                     KRAUSE , J.


We concur:


DUARTE , Acting P. J.


HOCH , J.